UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80288-CIV-RYSKAMP/VITUNAC

DONNA LEE MICHAUD,

    Plaintiff,

v.

HOWARD SEIDLER,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

THIS CAUSE comes before the Court pursuant to Plaintiff Donna Lee Michaud's Motion for Entry of Final Default Judgment against Defendant Howard Seidler, filed October 8, 2008 **[DE 10]**. Defendant did not respond to this motion. This motion is ripe for adjudication.

**I.**    **BACKGROUND**

This multi-count action involves the impersonation of a licensed attorney in the States of Florida and Indiana. Plaintiff is an individual who retained Defendant's legal services, only to find that Defendant is not a lawyer at all.

Plaintiff resided in the State of Indiana prior to June of 2006, when she moved to Florida. According to the Complaint, Plaintiff is twice divorced. Beginning in 2003, Plaintiff was involved in post-divorce litigation with her first husband in the State of Indiana involving issues of child support and visitation. In January 2006, Plaintiff sought a divorce and monies from her

second husband, also in the State of Indiana.

In January 2006, Plaintiff sought legal representation and discovered the website run and owned by Defendant. The website, called "The Jurisprudence," appeared to list a law firm consisting of several attorneys, Howard B. Wegner, Gary D. Ford, Paul Murphy, John Hanncock and William Mall. Plaintiff entered into a retainer agreement with "John Hanncock." Plaintiff claims that Defendant was not a lawyer at all. The Complaint states that Defendant was arrested in the State of Connecticut, where he was also holding himself out as an attorney.

Plaintiff seeks damages in excess of $2 million, costs, interest and such other relief as the Court deems just and proper.

## II.   DEFAULT JUDGMENT

Defendant has been served, but has never disputed Plaintiffs' claims, responded to the Complaint, or appeared in this action. Accordingly, the Court entered a default against Defendant on July 30, 2008.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). By defaulting, the Defendant is held to admit well-pleaded facts; the Court may enter default judgment if the unchallenged facts constitute a legitimate cause of action. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Banks, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Complaint alleges 10 counts. The Court will review each count individually to determine which counts are "well-pleaded."

Count I, designated as "Breach of Agreement I," alleges that Plaintiff and Defendant "made agreements" that Defendant would represent Plaintiff as an attorney for litigation in Indiana and Florida.  To establish breach of contract under Florida law, a plaintiff must demonstrate the following: "(1) a valid contract; (2) a material breach; and (3) damages."  Beck v. Lazard Freres & Co., 175 F.3d 913, 914 (11th Cir. 1999).  Plaintiff alleges that she and Defendant agreed that Defendant would represent Plaintiff as her attorney for litigation in Indiana and Florida.  Defendant accepted a monetary retainer, but breached the agreements by not providing legal advice and not being a licensed attorney.  Plaintiff claims she has sustained damages as a result.  These facts are sufficient to allege a claim for breach of contract.

Count II, designated as "Breach of Agreement II," alleges that Defendant had several alter egos, that Defendant entered into an agreement with Plaintiff, and "caused his alter egos to further cause damages to the Plaintiff."  Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" Bell Atlantic Corp.v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)(citing Conley v. Gibson, 355 U.S. 41, 47, 78, S.Ct. 99, 103 (1957)), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic, 127 S.Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 268, 106 S.Ct. 932, (1986)).  The Complaint does not allege how Defendant used his alter egos to cause Plaintiff additional damages.  The Court therefore finds that Plaintiff has failed to state a claim for breach of contract in Count II.

4

Count III, designated as "Fraud I," alleges that Defendant intentionally misrepresented to Plaintiff that he was a licensed attorney able to provide legal services to clients in Indiana and Florida. Under Florida law, the elements of a fraudulent misrepresentation claim are "(1) a false statement concerning a material fact; (2) the representer's knowledge that the representation is false; (3) an intention that the representation induced another to act on it; and, (4) consequent injury by the party acting in reliance on the representation." Webb v. Kirkland, 899 So.2d 344, 346 (Fla. 4th DCA 2005). A claim for fraudulent misrepresentation must comply with the pleading requirements of Fed.R.Civ.P. 9(b). Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." In the Eleventh Circuit, Rule 9(b) is satisfied if a plaintiff pleads the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
> (3) the context of such statements and the manner in which they mislead the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997), *reh'g denied* 116 F.3d 1495 (11th Cir. 1997) (quotation omitted). See also Leonard v. Stuart-James Co., 742 F.Supp. 653, 659 (N.D. Ga. 1990) (motion to dismiss granted where complaint failed to allege "specifically when, where, by whom or specifically what the representation was."). The detail generally required to plead a fraud claim includes "the who, what, when, where, and how: the first paragraph of any newspaper story." Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006) (quotation omitted).

Here, Plaintiff alleges that Defendant intentionally misrepresented his qualifications as an attorney, that Defendant knew the statements were false when he made them, that he intended Plaintiff to rely on the statements, that Plaintiff indeed relied upon the statements and sustained damages as a result. Plaintiff has not alleged the exact statements that were made or the time the statements were made. Accordingly, the Court finds that Count III fails to state a claim for fraudulent misrepresentation.

Count IV, designated as "Fraud II," alleges that Defendant intentionally misrepresented to Plaintiff that he would guarantee certain legal outcomes. Plaintiff has not alleged the exact statements that were made or the time that the statements were made, however. Accordingly, the Court finds that Plaintiff has failed to state a claim for fraudulent misrepresentation in Count IV of her Complaint.

Count V, designated as "Fraud III," alleges that Defendant fraudulently induced Plaintiff to give monies to Defendant via material misrepresentations. The elements of a claim for fraudulent inducement are subject to the pleading requirements of Rule 9(b). This Count does not allege when the misrepresentations were made, however. The Court finds that Count V fails to state a claim for fraudulent inducement.

Count VI, designated as "Negligence," alleges that Defendant breached several duties owed to Plaintiff and that said breaches caused Plaintiff damages. Under Florida law, the elements for a negligence claim are (1) the duty requiring the defendant to adhere to a standard of conduct, (2) a breach of that duty, (3) a "reasonably close causal connection" between the breach of the duty and the ensuing injury, and (4) demonstration of actual harm to the claimant. Williams v. Davis, 974 So.2d 1052, 1056 (Fla. 2007) (citation omitted). Plaintiff alleges that

Plaintiff owed her a duty of truthfulness, that Defendant breached this duty by failing to disclose to Plaintiff his true identity and the fact that his alter egos were actually aliases.  Plaintiff maintains that these breaches caused her damages.  The Court finds that Count VI states a claim for negligence.

Count VII is a claim for breach of fiduciary duty.  Under Florida law, "[t]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and breach of that duty such that it is the proximate cause of the plaintiff's damages."  Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002) (citations omitted).  Plaintiff lists various examples of breaches of fiduciary duty, including Defendant's falsely representing his status as an attorney, collecting funds from Plaintiff despite the fact that he was not an attorney, misrepresenting his alleged expertise as an attorney in advising Plaintiff not to comply with orders of courts in Florida and Indiana and failing to disclose his true identity to Plaintiff.  Plaintiff claims that each of these breaches caused her damages.  The Court concludes that Count VII states a claim for breach of fiduciary duty.

Count VIII alleges a claim for "Intentional Tort."  The Complaint does not specify the tort, however.  Accordingly, the Court holds that Plaintiff is not entitled to recover pursuant to Count VIII.

Count IX alleges a claim for "Civil Conspiracy."  A claim for civil conspiracy must satisfy four elements: (1) an agreement between two or more parties must exist (2) the agreement must be to do an unlawful act via unlawful means (3) the commission of an actual act in furtherance of the conspiracy, and (4) resulting damage to the plaintiff.  Walters v. Blankenship, 931 So.2d 137, 140 (Fla. 5th DCA 2006) (citations omitted).  The Complaint alleges that Defendant "intentionally conspired with OTHERS to assist him with his scheme of false identity

in placing himself out as an attorney to" defraud Plaintiff out of money and "her relationship with her children and family."  The Complaint does not meet the pleading requirements for a claim of civil conspiracy in that it fails to allege that two or more parties entered into an agreement to commit an unlawful act via unlawful means.  Accordingly, Plaintiff is not entitled to recover under Count IX.

Count X is a claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.  The elements of a civil RICO claim are (1) the conduct (2) of an enterprise (3) via a pattern (4) of racketeering activity.  See Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308, 1311 (11th Cir. 2000).  The Complaint must identify a pattern of racketeering activity, which consists of two "predicate acts" of racketeering activity within a 10 year period.  18 U.S.C. § 1961(5).  To survive a motion to dismiss a RICO claim, "a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts."  Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 939 (11th Cir. 1997).  The Complaint alleges that Defendant deliberately misrepresented material facts in via telephone, e-mail, and the United States Mail, and committed fraud in conjunction with the sale of securities.  The Complaint fails to state a claim under RICO because it fails to allege two "predicate acts" of racketeering activity within a 10-year period.  The Complaint attempts to allege claims for wire fraud, mail fraud and securities fraud, but the Complaint fails to make these allegations with particularly as required by Rule 9(b).  Accordingly, the Court finds that Plaintiff may not recover under Count X.

8

## III.     CONCLUSION

THE COURT, having reviewed the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that Plaintiff's Motion for Entry of Final Default Judgment against Defendant, filed October 8, 2008 **[DE 10]**, is GRANTED with respect to the claims of breach of contract, negligence and breach of fiduciary duty.  The Court shall enter final judgment by separate order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 17th day of November, 2008.

S/Kenneth L. Ryskamp

KENNETH L. RYSKAMP

UNITED STATES DISTRICT JUDGE